OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
2/6/14 / OP
DATE      I/M INT.
LAW LIBRARY - MAIN UNIT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
__PENSACOLA__ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Ollie Edward Parker III,

Inmate # 194465.
(Enter full name of Plaintiff)

vs.

CASE NO: 3:14cv63 MCR/CJK
(To be assigned by Clerk)

Officer Kosanovich A.K.A. Psycho,
Sergeant Raines,
Officer J. Ferro,
Nurse S. Cosson,
Doctor William David Rummel.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

Nurse M. Nichols,
Sergeant Stokes Blk/Male,
Officer John Doe 1,
Officer John Doe 2.

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

I. **PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Ollie Edward Parker III
Inmate Number: B-194465
Prison or Jail: Taylor Correctional Institution
Mailing address: 8501 Hampton Springs Road
Perry, FL 32348

II. **DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Kosanovich A.K.A Psycho
    Official position: Officer
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 East Milton Road
    Milton, FL 32583

(2) Defendant's name: Raines
    Official position: Sergeant
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 East Milton Road
    Milton, FL 32583

(3) Defendant's name: J. Ferro
    Official position: Officer
    Employed at: Santa Rosa C.I.
    Mailing address: 5850 East Milton Road
    Milton, FL 32583

continue page 3 & 4

ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

Defendant(s) continue

(4) Defendant's name: ~~Ramon~~ S. Cosson
Official position: nurse
Employed at: Santa Rosa C.I.
Mailing address: 5850 East Milton Road
Milton, FL 32583

(5) Defendant's name: William David Rummel
Official position: doctor
Employed at: Santa Rosa C.I.
Mailing address: 5850 East Milton Road
Milton, FL 32583

(6) Defendant's name: M. Nichols
Official position: nurse
Employed at: Santa Rosa C.I.
Mailing address: 5850 East Milton Road
Milton, FL 32583

(7) Defendant's name: Stokes   B/Male
Official position: Sergeant
Employed at: Santa Rosa C.I.
Mailing address: 5850 East Milton Road
Milton, FL 32583

(8) Defendant's name: John Doe 1
Official position: officer
Employed at: Santa Rosa CI
Mailing address: 5850 East Milton Road
Milton, FL 32583

Defendant(s)   continue

(9) Defendant's name : John Doe 2
    Official position : officer
    Employed at : Santa Rosa C.I.
    Mailing address : 5850 East Milton Road
                      Milton, FL  32583

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

## IV.  PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(✓)

  1. Parties to previous action:
     (a) Plaintiff(s): _____
     (b) Defendant(s): _____
  2. Name of judge: _____  Case #: _____
  3. County and judicial circuit: _____
  4. Approximate filing date: _____
  5. If not still pending, date of dismissal: _____
  6. Reason for dismissal: _____
  7. Facts and claims of case: _____

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )   No(✓)

  1. Parties to previous action:
     a. Plaintiff(s): _____
     b. Defendant(s): _____
  2. District and judicial division: _____
  3. Name of judge: _____  Case #: _____
  4. Approximate filing date: _____
  5. If not still pending, date of dismissal: _____
  6. Reason for dismissal: _____

7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )   No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case Docket # _____
4. Approximate filing date: _____  Dismissal date: _____
5. Reason for dismissal: _____

6

6.  Facts and claims of case: _____

_____

(Attach additional pages as necessary to list cases.)

## V.  STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1) On March 19th, 2013 at about 2:30pm Officer Kosanovich also known as Psycho and Sergeant Raines removed the Plaintiff and cellmate Stephen H. Look #166551 from cell F-3212 for a cell search, pertinent to a grievance Plaintiff filed in regards to 24 CD's/DVD's discovery material from Plaintiff's criminal case that Officer Ferro had taken out of Plaintiff's legal mail. Both Plaintiff and his cellmate were placed in restraint while cell was searched, were placed in separate showers, on 7am to 7pm shift, at Santa Rosa C.I.

2) Officer Kosanovich A.K.A. Psycho removed numerous personal items of Plaintiff's Ollie Parker A.K.A. Blue, out of cell F-3212.

3) When Plaintiff and cellmate returned to cell and were uncuffed, Plaintiff's right hand was on the ledge of food flap, explaining that the personal items Defendant Kosanovich had thrown out infront of Plaintiff's cell belonged to Plaintiff and his name was on the magazines and he had reciepts for batteries and he wanted a DC6-220 form for all the property removed from his cell.

4) Defendant Kosanovich saw Plaintiff's hand on the ledge of food flap, intentionally slammed the food flap on Plaintiff's right hand causing an injury that required medical attention

7

due to bone being broken/dislocated and this was a visible injury, bone was pressing against the skin a top of hand sticking up about an inch, which was clearly visible.

5) Defendant Kosanovich then stated "Now you won't be writing anymore fuck ass grievances. I know it's broke. I heard it snap." And started laughing.

6) Plaintiff asked for a medical emergency showing his right hand to Defendant's Kosanovich and Paige. Defendant Paige who was the dorm supervisor turned around and walked away stating "This isn't my dorm. I'm just filling in today. Talk to your dorm officer." Defendant Kosanovich stated "Write a grievance." then walked away laughing, denying Plaintiff's medical emergency leaving him in pain.

7) At about 3:36pm Defendant's, Nurse S. Cosson came to Plaintiff's cell F-3212 to deliver his medication for a preexisting medical condition, and was accompanied by Defendant, Officer J. Ferro who opened cell doors food flap. At which time Plaintiff showed both Defendant's Ferro and Cosson his right hand declaring a medical emergency, and letting them know he was in extreme pain.

8) Defendant Cosson stated "The only way you (Plaintiff) are gone see Doctor Rummel the C.H.O. (Cheif Health Officer) was if you cut yourself. And if you cut I'm gone let you bleed to death."
   The Defendant's Cosson and Ferro both left Plaintiff's cell F-3212, denying him medical attention, pain medication or treatment.

9) Plaintiff stopped every officer that came by cell conducting security checks Officer's John Doe 1, John Doe 2, Ferro,

Kosanovich A.K.A. Psycho, and black male officer Sgt. Stokes, showing them my right hand. Demanding emergency medical treatment and pain medication. Expressing that I was in extreme pain. Only to be told by all the Defendant's when they came around for security checks, "That that's what you (Plaintiff) gets for writing grievances. Write it up about your hand."

10) Plaintiff was not allowed to see medical until shift had changed and Sgt Nelson and Officer White on the 7pm to 7AM shift saw Plaintiff's hand which was and had swollen to the size of a softball. Plaintiff was in extreme pain.

11) Defendant Nurse S. Cosson examined plaitff's hand, and stated "I'm not doing no paper work to send you to outside hospital." Told officer's to get Plaintiff an ice pack but refused to prescribe pain medication to alleviate pain.

12) Plaintiff's hand was X-Rayed on March 20, 2013 at Santa Rosa C.I.. X-Ray's showed that the bones were cracked and dislocated. Doctor William David Rummel the C.H.O. and Nurse M. Nichols the A.R.N.P. at Santa Rosa C.I. explained this to Plaintiff. But refused to prescribe pain medication to Plaintiff when he express the extreme pain he was in. Defendant Dr Rummel didn't give the order for plaintiff to be taken to outside hospital til March 21, 2013.

13) Plaintiff was taken to Santa Rosa Medical Center on March 21, 2013 transported by Florida Department of Corrections officers. Medical Center doctor refused to reset the bones due to liability claims and referred Plaintiff to a specialist to be

seen on March 22, 2013. Santa Rosa Medical Center doctor gave Plaintiff a shot for the pain and perscribed a strong Painkiller for the pain.

14) Upon returning to Santa Rosa C.I. Plaintiff was again examined by Defendant's Nurse Nichols and Doctor Rummel who refused to perscribe pain medication, even though an outside doctor perscribed it and due to injury it was clear that Plaintiff was in extreme pain.

15) Plaintiff was emergency transferred to Reception Medical Center on March 25th, 2013. And had to undergo surgery on March 28th, 2013 to reset bones in his right hand. Pain killers were recieved after surgery.

16) Plaintiff is still being seen by specialist for hand injury.

17) Plaintiff has exhausted all administrative grievances, remedies and appeals.

18) Video camera recording supports claim stated in paragraph 1 of this complaint.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

18) Defendant Kosanovich A.K.A. Psycho violated Plaintiff's 1st Amendment Rights under the U.S. Constitution, when defendant retaliated against the Plaintiff by taking his personal property and slamming his hand in food flap causing injury by his intentional act and unjustifiable use of force simply because Plaintiff utilized grievance system and filed grievance. (see paragraph 1)

19) Defendant Kosanovich A.K.A. Psycho violated Plaintiff's 8th Amendment Rights under the U.S. Constitution when he intentionally slammed Plaintiff's right (continue on page 12)

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff respectfully request that this court:
A) Declare that the acts and omissions described herein violated the Plaintiff's rights under the constitution and laws of the United States (continue on page 12)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

2/6/14
(Date)

(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 6th day of February, 20 14.

(Signature of Plaintiff)

Revised 03/07

11

cont. VI. STATEMENT OF CLAIMS:

hand in food flap causing injury and pain and suffering, maliciously and sadistically for the very purpose of causing Plaintiff harm and pain, by use of force without penological justification. (See Paragraph 4 and 5) cruelly and unusually punished Plaintiff

20) Defendant Kosanovich A.K.A. Psycho, Sgt. Raines, J. Ferro, Nurse S. Cosson Stokes B/M, John Doe 1, John Doe 2 violated Plaintiff's 8th Amendment Rights under the U.S. Constitution which prohibits cruel and unusual punishment of inmate. Plaintiff's rights were violated when the Defendant's being deliberately indifferent to Plaintiff's dire and obvious medical needs. The Defendants delay in providing Plaintiff with medical care for his serious medical needs was unnecassary and they denied, delayed and intentionally interfered with medical treatment. (See paragraph's 6, 7, 8 & 9) The wanton infliction of pain was totally without penological justification and was done maliciously and sadistically.

21) Defendant's Nurse M. Nichols and Doctor William David Rummel violated Plaintiff's 8th Amendment Rights under the U.S. Constitution, when the Defendant's being deliberately indifferent to Plaintiff's dire and obvious medical needs failed to perscribe pain medication, which would have eliminated pain and suffering at least temporarily and delayed and interferred with medical treatment of Plaintiff. (See paragraphs 12, 13, & 14)

22) Florida Department of Corrections failure to retain video recording violated Plaintiff's ability to Access to the Courts.

cont. VII. RELIEF REQUESTED

B) Order Defendants to pay Plaintiff punitive damages in the amount of $350,000, Compensatory damages in the amount of $250,000 and nominal damages.

C) Allow all Defendants to be sued in their "individual and official capacity."

D) Grant Plaintiff injunctive relief (temporary and permanent) ordering that Plaintiff be kept away from Santa Rosa Correctional Institution.

E) Grant other just and equitable relief that this Honorable Court deems necessary.

F) Order Defendant to pay all legal costs and fees, including attorney fees in the event counsel is appointed for the Plaintiff.

G) Plaintiff demands a trial by jury.

Ollie Parker #B-194465
Taylor Correctional Institution
8501 Hampton Springs Road
Perry, FL 32348

LEGAL MAIL

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

Mailed From A State
Correctional
Institution



United States District Court
Northern District of Florida
Pensacola Division
Office of the Clerk
1 N. Palafox Street
Pensacola, FL 32502